**B1040 (FORM 1040) (12/15)**

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|

| **PLAINTIFFS**<br>Wall Street Theater Company, Inc. and Wall Street Master Landlord, LLC | **DEFENDANTS**<br> GTL Construction, LLC *et al.*<br>(see Exhibit A for list of Defendants) |
|---|---|
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>Jeffrey M. Sklarz, Green & Sklarz LLC<br>700 State Street, Ste 100, New Haven, CT 06511<br>(203) 285-8545 | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only)<br>X Debtor       □ U.S. Trustee/Bankruptcy Admin<br>□ Creditor      □ Other<br>□ Trustee | **PARTY** (Check One Box Only)<br>□ Debtor       □ U.S. Trustee/Bankruptcy Admin<br>X Creditor      □ Other<br>□ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

11 U.S.C. 506(a): Valuation and Determination of Secured Status
11 U.S.C. 506(d): Disallowance of Liens and Secured Status
28 U.S.C. § 157(b)(2)(A, K and O) and 1334(b): Core jurisdiction bankruptcy claims

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
□ 11-Recovery of money/property - §542 turnover of property
□ 12-Recovery of money/property - §547 preference
□ 13-Recovery of money/property - §548 fraudulent transfer
□ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
X 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
□ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
□ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
□ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
□ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
□ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
□ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny
**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**
□ 61-Dischargeability - §523(a)(5), domestic support
□ 68-Dischargeability - §523(a)(6), willful and malicious injury
□ 63-Dischargeability - §523(a)(8), student loan
□ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
□ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
□ 71-Injunctive relief – imposition of stay
□ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
□ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
□ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
□ 01-Determination of removed claim or cause

**Other**
□ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
□ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| □ Check if this case involves a substantive issue of state law | □ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| □ Check if a jury trial is demanded in complaint | Demand $ |

Other Relief Sought

  Valuation and lien stripping pursuant to 11 USC  506(a) and (d)

**B1040 (FORM 1040) (12/15)**

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>Wall Street Theater Company, Inc., *et al* | BANKRUPTCY CASE NO.<br>18-50132 (Lead) | |
| DISTRICT IN WHICH CASE IS PENDING<br>Connecticut | DIVISION OFFICE<br>Bridgeport | NAME OF JUDGE<br>Manning |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br><br>/s/ Jeffrey M. Sklarz | | |
| DATE<br><br>May 9, 2018 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br><br>Jeffrey M. Sklarz | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party**. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

|  |  |  |
|---|---|---|
| In re | : | Chapter 11 |
|  | : | Jointly Administered |
| WALL STREET THEATER | : | Case No. 18-50132(JAM) (Lead) |
| COMPANY, INC., et al[1] | : |  |
|  | : |  |
| Debtors | : |  |
|  | : |  |
|  | : |  |
| WALL STREET THEATER | : | ADVERSARY PROCEEDING NO. |
| COMPANY, INC. and WALL STREET | : |  |
| MASTER LANDLORD, LLC | : |  |
|  | : |  |
| Plaintiffs | : |  |
|  | : |  |
| v. | : |  |
|  | : |  |
| GTL CONSTRUCTION, LLC, ET AL[2] | : |  |
|  | : |  |
| Defendants | : | MAY 9, 2018 |

## <u>ADVERSARY COMPLAINT</u>

The plaintiffs, Wall Street Theater Company, Inc. ("WSTC") and Wall Street Master

Landlord, LLC ("WSMLL," collectively referred to with WSTC as "Plaintiffs"), debtors and

debtors-in-possession, hereby file this adversary proceeding against those parties set forth in

Exhibit A (collectively referred to as the "Defendants"). In support thereof, Plaintiffs respectfully

allege as follows:

---

[1] The chapter 11 cases of Wall Street Theater Company, Inc. ("WSTC"), Case No. 18-50132, Wall Street Master Landlord, LLC ("WSMLL"), Case No. 18-50133, and Wall Street Managing Member, LLC ("WSMM"), Case No. 18-50134 are jointly administered under Case No. 18-50132. WSTC, WSMLL, and WSMM are collectively referred to herein as "Debtors".

[2] The Defendants to this action and their addresses are listed on Exhibit A attached hereto. Exhibit A further sets forth the amount of the scheduled claim, amount of any proof of claim filed by the creditor, and the whether the claim is disputed or not.

{00063132.5 }

## SUMMARY OF THE ACTION

1.      Plaintiffs seek to determine the fair market value of their assets and "strip" liens that are not supported by equity in property pursuant to 11 U.S.C. § 506(a) and (d).[3]  All of the Wall Street Parties' (as that term is defined below) assets are fully encumbered by the liens of its primary secured lender, Patriot Bank, N.A., or prior encumbrancers.  Accordingly, all other lien creditors listed on Schedule D of WSTC should have their liens vacated by operation of Bankruptcy Code § 506(d).

## JURISDICTION AND VENUE

2.      The Court has "arising under" jurisdiction over this matter pursuant to 28 U.S.C. §§ 157(a) and 1334(b) and Bankruptcy Code § 506(a) and (d), as well as the standing order of reference in this District.  This adversary complaint sets forth a claim to determine the secured status and value of property of the estate and to avoid certain liens.

3.      This matter is a core proceeding, pursuant to 28 U.S.C. § 157(b)(2)(A, K and O) ).

4.      Venue is appropriate in this District, as Plaintiffs' principal place of business and the property that is the subject of this adversary complaint are located in Norwalk, Connecticut.

## PARTIES TO THE ACTION

5.      Plaintiff, WSTC, is the fee simple owner of the real property located at 71 Wall Street, Norwalk, Connecticut (the "Property").  WSTC acquired the Property by virtue of a Warranty Deed, recorded January 7, 2014 in Volume 7948 at Page 122 of the Norwalk Land Records.

6.      Plaintiff, WSMLL, holds a ground lease on the Property, recorded December 30, 2016 at Volume 8464 Page 225 of the Norwalk Land Records.

---

[3] Hereafter references to Title 11 of the United States Code are referred as "Bankruptcy Code § ___"

{00063132.5 }                                    2

7.      Defendant, GTL Construction, LLC ("GTL"), claims an interest in the Property by virtue of a Mechanic's Lien filed in the original principal amount of $261,672.55 dated March 21, 2015 and recorded April 4, 2016 in Volume 8322 at Page 121 of the Norwalk Land Records. GTL has also filed a Lis Pendens dated March 21, 2017 and recorded March 23, 2017 in Volume 8503 at Page 303 of the Norwalk Land Records.

8.      Defendant, Queen City Carting, Inc. ("QCCI"), claims an interest in the Property by virtue of a Mechanic's Lien for the amount of $16,000.00 dated March 31, 2015 and recorded April 20, 2016 in Volume 8330 at Page 95 of the Norwalk Land Records.

9.      Defendant, Patriot Bank, NA ("Patriot"), claims an interest in the property by virtue of a Mortgage, in the original principal amount of $8,800,000.00, dated December 29, 2016 and recorded December 30, 2016 in Volume 8464 at Page 230 of the Norwalk Land Records.

10.     Defendant, Patriot, claims an interest in the property by virtue of an Assignment of Leases and Rents from WSTC and WSMLL to Patriot dated December 29, 2016 and recorded December 30, 2016 in Volume 8464 at Page 275 of the Norwalk Land Records.

11.     Defendant, Lockwood and Mead Development, LLC ("L&M") claims an interest in the Property by virtue of a Mortgage as originally granted to Royce Family Fund in the original principal amount of $109,000.00, dated January 7, 2014 and recorded January 7, 2014 in Volume 7948 at Page 157, as modified by Note and Mortgage Modification dated September 3, 2014 and recorded September 5, 2014 in Volume 8053 at Page 219, and as assigned to L&M on March 24, 2015 and recorded April 13, 2015 in Volume 8153 at Page 103 and subordinated to Patriot by a Subordination of Mortgage dated April 6, 2015 and recorded April 13, 2015 in Volume 8153 at Page 105 of the Norwalk Land Records.

12.    Defendant, The Morganti Group, Inc. ("Morganti"), claims an interest in the Property by virtue of a Mechanic's Lien in the amount of $1,522,689.26 dated April 27, 2017 and recorded April 28, 2017 in Volume 8518 at Page 296; as amended by Amendment dated May 16, 2017 and recorded May 17, 2017 in Volume 8528 at Page 58 of the Norwalk Land Records, increasing the amount claimed to $2,387,540.79.

13.    Defendant, R & B Ceramic Title and Floor Covering, Inc. ("R&B"), claims an interest in the Property by virtue of a Notice of Intent to File Mechanics Lien in the amount of $180,372.18 dated May 10, 2017 and recorded May 10, 2017 in Volume 8525 at Page 38 of the Norwalk Land Records.

14.    Defendant, R&B, claims an interest in the Property by virtue of a Mechanic's Lien in the original principal amount of $180,372.18 dated May 24, 2017 and recorded May 24, 2017 in Volume 8531 at Page 218 of the Norwalk Land Records.

15.    Defendant, Supertech, Inc. ("Supertech"), claims an interest in the Property by virtue of a Mechanic's Lien in the amount of $346,518.70 dated May 30, 2017 and recorded May 30, 2017 in Volume 8533 at Page 60 of the Norwalk Land Records.

16.    Defendant, MacKenzie Company, LLC ("MacKenzie"), claims an interest in the Property by virtue of a Mechanic's Lien in the amount of $129,627.27 dated June 8, 2017 and recorded June 9, 2017 in Volume 8538 at Page 125 of the Norwalk Land Records.

17.    Defendant, XTX Associates, LLC ("XTX"), claims an interest in the Property by virtue of a Mechanic's Lien in the amount of $245,580.73 dated June 1, 2017 and recorded June 13, 2017 in Volume 8540 at Page 83 of the Norwalk Land Records.

18.     Defendant, Lyric-Hall, LLC ("LH"), claims an interest in the Property by virtue of a Mechanic's Lien in the amount of $28,075.00 dated July 5, 2017 and recorded July 5, 2017 in Volume 8552 at Page 76 of the Norwalk Land Records.

## GENERAL BACKGROUND AND RELEVANT FACTS

### The Bankruptcy Case

19.     On February 4, 2018 (the "Petition Date"), Debtors filed voluntary petitions for relief under Chapter 11 of the U.S. Bankruptcy Code.

20.     Debtors continue to manage their property and affairs as debtors-in-possession, pursuant to §§ 1107 and 1108.

21.     No official committee of unsecured creditors, trustee, or examiner has been appointed in this case.

### The Wall Street Parties

22.     WSTC is a non-profit Connecticut corporation with a principal place of business located at the Property, a historic theater facility. Suzanne Cahill serves as WSTC's president. WSTC is a 501(c)(3) not-for-profit.

23.     WSMLL is a Connecticut limited liability company. The management of WSMLL is vested in its sole manager, Wall Street Manager, LLC ("WSM"). WSMLL's members are WSM and WSMT.

24.     WSMLL is lessor of the Property pursuant to a lease agreement entered into between WSTC and WSMLL on December 29, 2016 for a term of fifty-five (55) years (the "Ground Lease").

25.     Wall Street Master Tenant, LLC ("WSMT") is a Connecticut limited liability company. The management of WSMT is vested in WSM. WSMT's members are Enhanced

Capital HTC Fund I, LLC and WSM.  WSMT is sub-lessor of the Property pursuant to a lease agreement entered into between WSMLL and WSMT on December 29, 2016 for a term of nineteen (19) years (the "Master Lease").  WSMT is not a debtor in this bankruptcy case.

26.    WSM is a Connecticut limited liability company.  The management of WSM is vested in WSMM, its sole manager.  WSM's members are WSMM and Historic Equity, Inc. WSM is not a debtor in this bankruptcy case.

27.    WSMM is a Connecticut limited liability company.  The management of WSMM is vested in WSTC, its sole manager.  WSMM's member is WSTC.[4]

**History of the Property**

28.    For over a century, the Property has enjoyed an illustrious history, involving numerous prominent community members and physical renovations, along with several transitions in identity.

29.    The Property is a registered national historic landmark first opening its doors in 1915 as The Regent featuring live vaudeville acts and the biggest "talkies" of the era.

30.    After remodeling in the 1930s, it was renamed The Norwalk Theater operating for the next 50 years as a movie theater.

31.    In 1993, it reopened as a music club named The Marquee and, the following year, it was renamed The Globe Theater, playing home to many live musical acts including David Lee Roth, Live, The Go-Gos, Violent Femmes, Waylon Jennings and The Mighty Bosstones.

32.    In 2014, the Property was reincarnated as "The Wall Street Theater" with the goal of hosting live shows, interactive entertainment, cinema, digital production, art space and a community arena.

---

[4] WSTC, WSMLL, WSMT, WSM, and WSMM are collectively referred to as the "Wall Street Parties".

{00063132.5 }                                    6

33.    WSTC desired to renovate the Property with the intention of it becoming a non-profit cultural center for greater Fairfield County.

34.    Said renovations involved significant construction including safety upgrades to both the interior as well as the exterior of the theater.

35.    To fund the renovations, WSTC and WSMLL as borrower and WSMT, WSM, and WSMM as guarantors, entered into a construction loan agreement dated December 29, 2016 with Patriot  as lender (the "Construction Loan").

36.    In addition, in order to obtain sufficient funds to pay down the Construction Loan to a manageable level, the Wall Street Parties entered into a sophisticated tax credit transaction to access approximately $5,277,000.00 of state and federal tax credits, of which approximately $4.1 million (the "Tax Credits") remain.  The remaining[5] Tax Credits consist of:

a.    Historic Tax Credits: (i) Federal: financed through WSMT by way of the Master Lease through Enhanced Capital HTC Fund I, LLC ($1.2 million) and (ii) State: financed through WSTC by way of Purchase and Sale Agreement with a third-party buyer ($1.8 million).

b.    Connecticut Green Building Tax Credits: Financed through WSML by way of Purchase and Sale Agreement with a third-party buyer ($748,037).

c.    Connecticut Infrastructure Tax Credits: Financed through WSML by way of Purchase and Sale Agreement with a third-party buyer ($490,000).

37.    Obtaining each tranche of Tax Credits involves meeting different requirements.

38.    Assuming Debtors are able to receive and monetize the Tax Credits, they will be able to propose a plan of reorganization to exit bankruptcy.

---

[5] Tax Credits of approximately $1 million were obtained prior to the Petition Date.

**Value of Wall Street Parties' Assets**

39.    As of the Petition Date the value of the Property was: $3,250,000.00.  A copy of the

appraisal of the Property (the "Appraisal") is attached hereto as Exhibit B.

40.    As of the Petition Date, the Tax Credits were valued in the amount of: $4,277,037.00

41.    As of the Petition Date the value of all other personal property of the Debtors was

worth no more than: $1,400,000.00.

42.    Therefore, the value of all property of the estate as of the Petition Date was:

$8,927,037.00.

**Encumbrances Against Property of the Estate**

43.    As of the Petition Date, the Property was subject to the encumbrances set forth in

paragraphs 7 through 18.  Of these, only the liens of GTL, QCCI, and Patriot attach to equity in the

Property.  (A copy of the title search summary report concerning the Property is attached hereto as

Exhibit C.)

44.    As of the Petition Date, the Tax Credits were fully encumbered by Patriots' security

interests, which include UCC-1 filings and pledges.

45.    As of the Petition Date, all other personal property of the Debtors was subject to the

encumbrances of Patriot, which include UCC-1 filings.

46.    A copy of the UCC-1 Report is attached hereto as Exhibit D.

**COUNT ONE: Valuation and Determination of Secured Status – Bankruptcy Code § 506(a)**

47.    The allegations in the foregoing paragraphs 1 through 46 are incorporated into this

paragraph by reference, as if fully set forth herein.

48.    Pursuant to Bankruptcy Code § 506(a)(1):

> An allowed claim of a creditor secured by a lien on property in
> which the estate has an interest… is a secured claim to the extent of

the value of such creditor's interest in the estate's interest in such property… and is an unsecured claim to the extent that the value of such creditor's interest… is less than the amount of such allowed claim. Such value shall be determined in light of the purpose of the valuation and of the proposed disposition or use of such property, and in conjunction with any hearing on such disposition or use or on a plan affecting such creditor's interest.

49. Plaintiffs are entitled to a judicial determination of the value of their assets to ascertain whether some or all of the claims against said assets are secured or unsecured for purposes of seeking a judicial determination as to validity and extent of liens asserted by alleged secured creditors.

50. Therefore, Plaintiffs seek a determination that the values of their assets are as set forth above.

51. Accordingly, the Court should enter an order determining that the claims of each Defendant are treated as follows:

a. GTL: Disputed secured claim;

b. QCCI: Disputed secured claim;

c. Patriot: Allowed secured claim to the extent of $8,649,365.00 and an allowed unsecured claim of $150,635.

d. All Defendants with a lower priority than Patriot shall be treated as set forth on Exhibit A.

**COUNT TWO: Disallowance of Liens and Secured Status – Bankruptcy Code § 506(d)**

52. Paragraphs 1 through 51 of this Adversary Complaint are incorporated into this Count as if fully set forth herein.

53. Subject to exceptions not applicable here, pursuant to Bankruptcy Code § 506(d): "To the extent that a lien secures a claim against the debtor that is not an allowed secured claim,

such lien is void…."

54.     The secured claims of GTL, QCCI, and Patriot fully encumber all of the assets of Plaintiffs (and the Wall Street Parties generally), such that all creditors subordinate to GTL, QCCI, and Patriot should not be treated as holding "secured claims".

55.     After subtracting the amount of prior encumbrances, the claims (be they allowed or disputed claims) of creditors subordinate to GTL, QCCI, and Patriot are unsecured to the extent of their balance.

56.     A lien on property of the estate is treated as a secured claim only to the extent that there is equity available in the collateral to support the claim. The claim is treated as an unsecured claim to the extent that the outstanding liability exceeds the available equity in the collateral.  11 U.S.C. § 506(d).

57.     Moreover, to the extent that a lien on estate property is not supported by equity in the collateral, the lien is void, with exceptions not pertinent here. *Id.*

58.     Accordingly, the claims of all creditors subordinate to GTL, QCCI, and Patriot should be treated as unsecured claims and the liens attaching to property of the estate vacated.

59.     The claims of GTL, QCCI, and Patriot should be treated as secured claims as set forth above.

60.     Therefore, the Court should enter an order:

a.     Bifurcating the claim of Patriot into an allowed secured claim to the extent of $8,649,365.00 and an allowed unsecured claim of $150,635; and

b.     Vacating and voiding the liens and encumbrances of all Defendants with a lower priority than Patriot as set forth on Exhibit A.

**WHEREFORE,** Plaintiffs respectfully request that the Court:

1.　　Enter a declaration and order setting forth the value of the assets of the Plaintiffs as set forth in Count One;

2.　　Enter a declaration and order bifurcating and/or voiding the liens of Defendants as set forth in Count Two; and

3.　　Afford the Plaintiffs such other and further relief as the Court may deem to be just, proper, and equitable.

THE PLAINTIFFS:

By:　　/s/ Jeffrey M. Sklarz
　　　　Jeffrey M. Sklarz (ct20938)
　　　　Green & Sklarz LLC
　　　　700 State Street, Suite 100
　　　　New Haven, CT 06511
　　　　(203) 285-8545
　　　　Fax: (203) 823-4546
　　　　jsklarz@gs-lawfirm.com